

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-16-00155-CR

---

ROY DEAN BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 11F0886-102

---

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

Carl H. Franklin was retained to represent Roy Dean Brown in his appeal from his conviction of and sentence for continuous sexual abuse of a child and has filed a notice of appeal on Brown's behalf. Currently pending before this court is a motion to substitute counsel filed by attorney Niles Illich. Illich represented in the motion that he had been retained to represent Brown and asks this Court to substitute Illich for Franklin as counsel for Brown. For the reasons set forth below, we have considered and granted Illich's motion seeking to substitute as counsel of record in this matter.

When an appellant who is represented on appeal by retained counsel later retains other counsel, Rule 6.5(d) establishes the proper procedure for accomplishing the withdrawal and substitution. TEX. R. APP. P. 6.5(d). Under Rule 6.5, counsel of record—Franklin in this case—is required to file a motion to withdraw before newly retained counsel may be substituted. *Id.* The actions taken for the purpose of substituting Illich for Franklin as appellate counsel of record for Brown fail to satisfy the procedural requirements established by Rule 6.5.

However, as the Seventh Court of Appeals has aptly noted, "The purpose of Rule 6.5 is to insure that a party not be unwittingly left unrepresented before an appellate court." *Medlock v. State*, No. 07-15-00359-CR, 2015 WL 6939196 (Tex. App.—Amarillo Nov. 9, 2015, no pet.) (discussing procedure established by Rule 6.5 of Texas Rules of Appellate Procedure for withdrawing and substituting counsel on appeal). Consequently, we have reviewed the circumstances as represented in Illich's motion to substitute counsel and are comfortable that Brown has received the protection that Rule 6.5 was meant to provide. Further, Brown is free to

2

retain counsel of his choosing.   We, therefore, in the interests of justice and judicial economy, utilize Rule 2 of the Texas Rules of Appellate Procedure to suspend the requirement that Franklin file a motion to withdraw and grant the motion to substitute Illich for Franklin as attorney of record in this appeal.  *See* TEX. R. APP. P. 2.

IT IS SO ORDERED.

BY THE COURT

Date:   October 12, 2016